IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50234

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: February 6, 2024 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JUSTIN RYAN RAPER, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Justin Ryan Raper appeals from the district court's judgment of conviction. Raper contends that prosecutorial misconduct during closing arguments deprived him of a fair trial and violated his due process rights. For the following reasons, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Raper was stopped by police for following too close to the vehicle in front of him. Raper consented to a search of his vehicle, and the officer found paraphernalia and a handgun. After a records check, the officer learned that Raper had a previous felony conviction that prohibited him from possessing firearms. The officer later learned that the handgun had been reported as stolen. The State charged Raper with unlawful possession of a firearm, grand theft by possession of a stolen firearm, possession of drug paraphernalia, and driving while suspended. At trial, the State withdrew the charge of driving while suspended.

1

The following exchange occurred during the beginning of the prosecutor's closing argument:

| | |
|---|---|
| [Prosecutor]: | Any time there's a theft in a community, especially a smaller community like ours, that matters; that's important. You know, someone's home or their place of business or their property in some way-- |
| [Defense Counsel]: | Your Honor, I'm going to object. This isn't proper argument. |
| [Court]: | Overruled. It's argument. Go ahead. |
| [Prosecutor]: | Thank you. It's important, right? It matters. And when you have the theft of a gun, and when you have the person in possession of that stolen gun being a convicted felon, not allowed to be in possession at all of any firearms, he's driving around with that stolen gun hidden underneath one of his car seats, he's got a whole bunch of drug paraphernalia in the car, well, that's especially important. |
| [Defense Counsel]: | Your Honor, again, this is attempting to inflame the jury. This is improper argument. |
| [Court]: | Overruled. |
| [Prosecutor]: | The point is that this case matters, right? And so thank you for being a juror, each of you, on this case. |

The prosecutor continued by summarizing the evidence of guilt presented during the trial. The jury found Raper guilty on all counts. Raper timely appeals.

## II.

## STANDARD OF REVIEW

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

The standard of review governing claims of prosecutorial misconduct depends on whether the defendant objected to the misconduct at trial. *State v. Garcia*, 166 Idaho 661, 676-77, 462 P.3d 1125, 1140-41 (2020); *State v. Severson*, 147 Idaho 694, 715, 215 P.3d 414, 435 (2009). Where there has been a contemporaneous objection to prosecutorial misconduct, we determine whether the challenged conduct constitutes misconduct, and if so, whether the error was harmless. *State v. Beebe*, 145 Idaho 570, 574, 181 P.3d 496, 500 (Ct. App. 2007). The harmlessness analysis examines and weighs the probative force of the evidence untainted by error against the probative force of the error itself. *State v. Gardner*, 169 Idaho 90, 99, 491 P.3d 1193, 1202 (2021). "When

2

the effect of the error is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, it can be said that the error did not contribute to the verdict rendered and is therefore harmless." *Garcia*, 166 Idaho at 674, 462 P.3d at 1138.

## III.

## ANALYSIS

Raper argues the prosecutor violated his right to due process and a fair trial by using inflammatory tactics during closing argument which constitute misconduct. Specifically, Raper contends the prosecutor's emphasis on the importance of the case impermissibly appealed to the jury's emotions and inappropriately encouraged a conviction to protect the community. The State argues the prosecutor's statements do not amount to misconduct, were otherwise harmless, and the district court's jury instruction remedied any improper statement.[1]

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id*. Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003).

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection, we determine factually if there was prosecutorial misconduct and then determine whether the error was harmless. *Id.*; *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Prosecutorial misconduct does not necessitate the reversal of a conviction and a new trial for the defendant if, in the context of the entire trial, the error was harmless. *Beebe*, 145 Idaho at 576, 181 P.3d at 502. Where a criminal defendant shows a reversible error based on a

---

[1] Jury instruction number 12 states:
   Certain things you have heard or seen are not evidence, including: 1. arguments and statements by lawyers. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is included to help you interpret the evidence, but is not evidence.

contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). Error will be deemed harmless if the appellate court is persuaded beyond a reasonable doubt that the jury's verdict would have been the same if the misconduct had not occurred. *Beebe*, 145 Idaho at 576, 181 P.3d at 502. A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Baker*, 161 Idaho 289, 299, 385 P.3d 467, 477 (Ct. App. 2016).

Prosecutorial misconduct occurs when the State attempts to secure a verdict on any factor other than the law as set forth in the jury instructions and the evidence admitted at trial, including reasonable inferences that may be drawn from that evidence. *State v. Miller*, 165 Idaho 115, 122, 443 P.3d 129, 136 (2019). The prosecutor has a duty to avoid misrepresentation of the facts and unnecessarily inflammatory comments. *Id.* Inflammatory comments are those which are "calculated to inflame the minds of jurors and arouse passion or prejudice against the defendant, or [are] so inflammatory that the jurors may be influenced to determine guilt on factors outside the evidence." *Id.* at 123, 443 P.3d at 137 (quoting *Sheahan*, 139 Idaho at 280, 77 P.3d at 969). The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *Smith v. Phillips*, 455 U.S. 209, 219 (1982). The aim of due process is not the punishment of society for the misdeeds of the prosecutor, but avoidance of an unfair trial to the accused. *State v. Sanchez*, 142 Idaho 309, 318, 127 P.3d 212, 221 (Ct. App. 2005).

Raper asserts the prosecutor's statements improperly appealed to the jury's emotions by repeatedly emphasizing the jury's especially important role in protecting the small community from crime. The State argues the statements were not improper, did not carry the implications urged by Raper, and did not violate Raper's right to a fair trial. In closing, the prosecutor stated: "Any time there's a theft in a community, *especially a smaller community like ours*, that matters; that's important. You know, someone's home or their place of business or their property in some way." (Emphasis added.) Continuing, the prosecutor reiterated, "It's important, right? It matters." The prosecutor then noted that Raper was a convicted felon driving around with a stolen firearm and drug paraphernalia, and stated, "well, that's especially important." Before recounting the evidence of guilt presented during the trial, the prosecutor stated, "The point is that this case

4

matters, right? And so thank you for being a juror, each of you, on this case." Raper objected on grounds that the statements were improper and appealed to the jury's emotions. Although these initial comments by the prosecutor can be said to have some appeal to the emotions of the jury, they are insufficient to establish prosecutorial misconduct.

Contrary to Raper's argument, the prosecutor's comments in this case are not akin to those in *State v. Dempsey*, 169 Idaho 19, 490 P.3d 19 (2021). In *Dempsey* the Idaho Supreme Court found the prosecutor committed misconduct by arguing:

> We need to protect the community. We need to protect this place we live and work in. We need to protect future potential victims. And we can do that. We are in a unique opportunity to hold someone accountable that will hopefully tell the rest of the county that this is not okay.

*Id.* at 24, 490 P.3d at 24. These statements impermissibly urged the jury to convict to protect the community and future victims. Urging the jury to convict based on factors other than the evidence admitted at trial and the law as instructed, is improper, including urging the jury to protect the community and future victims.

The prosecutor's statements in this case, are not equivalent to those in *Dempsey*. Here, there were no express claims of any duty to protect the community or future victims. The prosecutor's comment that a theft, especially in a small community involving a home or business matters, could have a tendency to evoke a protective emotion in the jury, it also correctly refers to the fact that the case involves a theft from a home or business in a small community. The prosecutor's next comment ties the importance of the case to the dangerous facts that it involves. The prosecutor's comments at the beginning of closing argument appear designed to attract the jury's attention to the importance of the case and the jury's duty, and they only vaguely, and when viewed alone, impliedly appeal to emotions. The statements permissibly reference the significance of the case, recite the facts and evidence presented, and do not invite the jury to render a decision based on emotion rather than the evidence.

Following these opening comments, the prosecutor reviewed the facts of the case and evidence of Raper's guilt. As an example, the prosecutor noted the testimony from the arresting officer regarding the traffic stop and Raper's arrest, including testimony describing a phone call Raper made from the police car where he stated: "I'm a felon in possession of a firearm." The prosecutor proceeded to detail how each element for the offense had been proven. The prosecutor

highlighted the jury's important duty during deliberations to evaluate the evidence and render a verdict.

The prosecutor's statements do not rise to the level of inflammatory comments that appeal to the sympathies and passions of the jury amounting to prejudice or violating due process. *See Severson*, 147 Idaho at 719-20, 215 P.3d at 439-40 (finding inflammatory comments depicted victim speaking to jurors from the grave not fundamental error because did not result in an unfair trial or deprive the defendant of due process); *Miller*, 165 Idaho at 123, 443 P.3d at 137 (holding prosecutor's closing statements alleged if bicyclists had been further along the road he would have been killed was a reasonable inference from the evidence and "within the considerable latitude afforded to prosecutors during closing argument"). Additionally, these statements did not misrepresent or mischaracterize the evidence. *See Beebe*, 145 Idaho at 575, 181 P.3d at 501. Raper has not shown prosecutorial misconduct during closing argument. Therefore, we need not address the State's harmless error argument or the impact of the district court's jury instruction.

## IV.

## CONCLUSION

The prosecutor's closing argument did not constitute prosecutorial misconduct and did not deprive Raper of his right to due process and a fair trial. Therefore, the judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.